UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
DEC 17 10 22 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>ARTHUR L. OGONOSKI,<br>Defendant. | )<br>)<br>)<br>) Civil No. 01-CV-2024 (MRK)<br>)<br>)<br>)<br>) |

## UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

The United States of America, by and through its undersigned counsel, hereby submits the following memorandum of law in support of its motion for summary judgment.

### FACTS

Arthur Ogonoski filed federal income tax returns (IRS Forms 1040), for the tax years 1989 through 1997 and 2000, reporting liabilities of $9,395.22, $8,278.85, $2,929.76, $5,507.09, $4,887.59, $3,535.72, $5,008.19, $6,561.00, $9,798.03, $11,091.47, respectively. However, for each of these years, he failed to fully pay his reported liabilities. The Internal Revenue Service assessed Mr. Ogonoski with liabilities for each of these years, based on his reported liabilities and sent Mr. Ogonoski notice and demand, directing that payments be made. To date, Mr. Ogonoski has failed to satisfy his federal income tax liabilities for the years at issue, and currently owes $40,131.25, plus statutory additions, including accrued interest.

ORAL ARGUMENT IS NOT REQUESTED

## ARGUMENT

*Standards for Summary Judgment*

Federal Rule of Civil Procedure 56 provides that summary judgment is to be awarded to a party entitled to judgment as a matter of law. When a summary judgment motion is made, the Court must first determine whether there are material facts in dispute. The requirement of demonstrating that there are no material facts genuinely in dispute is upon the moving party and all ambiguities must be resolved, and reasonable inferences must be made, in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153-61 (1970); *see, also, Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223 (2d Cir. 1994). The moving party meets this burden by showing facts which support its entitlement to relief and "by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

*The Assessments Are Valid and the Liabilities Remain Unpaid*

The United States has submitted Forms 4340, Certificates of Assessments and Payments in support of this motion. The Forms 4340 are deemed presumptively correct. *See, e.g., Geiselman v. United States*, 961 F.2d 1, 5-6 (1st Cir. 1992), *cert. denied*, 506 U.S. 891 (1992); *United States v. Chila*, 871 F. 2d 1015 (11th Cir. 1989) *cert. denied*, 493 U.S. 975 (1989); *Psaty v. United States*, 442 F. 2d 1154 (3d Cir. 1971); *United States v. Strebler*, 313 F. 2d 402 (8th Cir. 1963). Once the Forms 4340 have been presented, it is the taxpayer's burden to show that they are incorrect. *United States v. McCombs*, 30 F.3d 310, 318 (2d Cir. 1994).

ORAL ARGUMENT IS NOT REQUESTED     2

Arthur Ogonoski has not established that the Certificates of Assessment and Payment are inaccurate. In the absence of any such evidence, the Untied States is entitled to judgment as a matter of law.

## Conclusion

Summary judgment should be entered in favor of the United States, and against Arthur Ogonoski, in the amount of $40,131.25, plus statutory additions, including accrued interest, for the tax years 1989 through 1997 and 2000.

Dated: December 16, 2003

Respectfully submitted,

JOHN A. DANAHER, III
United States Attorney

LISA A. PERKINS
Assistant U.S. Attorney

WENDY J. KISCH (CT19019)
Trial Attorney, Tax Division
U.S. Dept. of Justice
P.O. Box 55
Washington, D.C. 20044-0055
phone: (202) 307-6553
fax: 202-514-5238
e-mail: wendy.j.kisch@usdoj.gov