UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Civil No.  01-CV-2024 (MRK) |
| ) | |
| ARTHUR L. OGONOSKI, ) | |
| Defendant. ) | |
| ) | |

### Notice to Pro Se Litigant Opposing Motion For Summary Judgment
### As Required by Local Rules of Civil Procedure 56(b)

The purpose of this notice, which is required by the Court, is to notify you that the plaintiff has filed a motion for summary judgment asking the Court to issue a judgment against you without a trial. The plaintiff argues that there is not need for a trial with regard to these claims because neither the Court, nor a reasonable jury could return a verdict in your favor.

PLAINTIFF'S MOTION MAY BE GRANTED AND JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT FURTHER NOTICE IF YOU DO NOT FILE PAPERS AS REQUIRED BY RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 56 OF THE LOCAL RULES OF CIVIL PROCEDURE.  COPIES OF THESE RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

The papers you file must show that (1) you disagree with the plaintiff's version of the facts; (2) you have evidence contradicting the plaintiff's version; and (3) the evidence you rely on, if believed by the Court or a jury, would be sufficient to support a verdict in your favor.

To make this showing, you must file one or more affidavits disputing the plaintiff's version of the facts.  An affidavit is a sworn statement by a witness that the facts contained in the affidavit are true to the best of the witness's knowledge and belief.  To be considered by the Court, an affidavit must be signed and sworn to in the presence of a notary public or other person authorized to administer oaths. In addition to affidavits, you may also file deposition transcripts, responses to discovery requests, and other evidence that supports your claims.

If you fail to submit evidence contradicting the plaintiff's version of the facts, judgment may be entered against you without further notice.  It is therefore very important that you read the plaintiff's motion, memorandum of law, affidavits, and other evidentiary materials to see if you agree or disagree with the plaintiff's version of the relevant facts.  It is also very important that you review the enclosed

copy of Rule 56 of the Local rules of Civil Procedure carefully.  This rule provides detailed instructions concerning the papers you must file in opposition to the plaintiff's motion, including how you must respond to specific facts the plaintiff claims are undisputed (see Rule 56(a)(2) and how you must support your claims with specific references to evidence (see Rule 56(a)(3)).  If you fail to follow these instructions, the plaintiff's motion may be granted.

You must file your opposition papers with the Clerk of the Court and mail a copy to the plaintiff's counsel within 21 days of the filing of the plaintiff's motion with the Clerk of the Court.  This 21-day period is extended an additional three days if any of the conditions of Rule 6(e) of the Federal Rules of Civil Procedure are met (for example, if you received the defendant's motion by mail or overnight delivery service).

# RULE 56

## SUMMARY JUDGMENT

### (a) Motions for Summary Judgment

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e). Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion.

4. The Local Rule 56(a)1 and 2 Statements referred to above shall be filed and served along with the motion, memorandum of law and certificate of service required by Local Rule 7 and the Federal Rule of Civil Procedure 56.

48

**(b)  Notice to Pro Se Litigants Regarding Summary Judgment**

Any represented party moving for summary judgment against a party proceeding pro se shall file and serve, as a separate document, in the form set forth below, a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." If the pro se party is not a plaintiff, or if the case is to be tried to the Court rather than to a jury, the movant will modify the notice accordingly.  The movant shall attach to the notice copies of the full text of Rule 56 of the Federal Rules of Civil Procedure and of this Local Civil Rule 56.



e the award of
nder 28 U.S.C.

the requirement
be set forth in a
nts the amend-
arate document
ion for attorney
nade to support
les of Appellate
t a district court
order to be the

hat a motion for
ed no later than
to require filing
2, and 59. Service

ry Congressional

ndments to Rule

on Apr. 17, 1961,

, whom a judg-
s failed to plead
these rules and
it or otherwise,
t.

ult may be en-

plaintiff's claim
certain or for a
nade certain, the
nd upon affidavit
dgment for that
efendant, if the
failure to appear
person.

cases the party
hall apply to the
y default shall be
ompetent person
er such represen-
. If the party
lt is sought has
(or, if appearing
presentative) shall

---

be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

**(c) Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

**(d) Plaintiffs, Counterclaimants, Cross-Claimants.** The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim. In all cases a judgment by default is subject to the limitations of Rule 54(c).

**(e) Judgment Against the United States.** No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.
(As amended Mar. 2, 1987, eff. Aug. 1, 1987.)

### ADVISORY COMMITTEE NOTES
#### 1937 Adoption

This represents the joining of the equity decree *pro confesso* (former Equity Rules 12 (Issue of Subpoena—Time for Answer), 16 (Defendant to Answer—Default—Decree *Pro Confesso*), 17 (Decree *Pro Confesso* to be Followed by Final Decree—Setting Aside Default), 29 (Defenses—How Presented), 31 (Reply—When Required—When Cause at Issue)) and the judgment by default now governed by U.S.C., Title 28, [former] § 724 (Conformity act). For dismissal of an action for failure to comply with these rules or any order of the court, see Rule 41(b).

Note to Subdivision (a). The provision for the entry of default comes from the Massachusetts practice, 2 Mass.Gen. Laws (Ter.Ed., 1932) ch. 231, § 57. For affidavit of default, see 2 Minn.Stat. (Mason, 1927) § 9256.

Note to Subdivision (b). The provision in paragraph (1) for the entry of judgment by the clerk when plaintiff claims a sum certain is found in the N.Y.C.P.A. (1937) § 485, in Calif.Code Civ.Proc. (Deering, 1937) § 585(1), and in Conn.Practice Book (1934) § 47. For provisions similar to paragraph (2), compare Calif.Code, *supra*, § 585(2); N.Y.C.P.A. (1937) § 490; 2 Minn.Stat. (Mason, 1927) § 9256(3); 2 Wash.Rev.Stat.Ann. (Remington, 1932) § 411(2), U.S.C., Title 28, § 1874, formerly § 785 (Action to recover forfeiture in bond) and similar statutes are preserved by the last clause of paragraph (2).

Note to Subdivision (e). This restates substantially the last clause of U.S.C., Title 28, [former] § 763 (Action against

---

the United States under the Tucker Act). As this rule governs in all actions against the United States, U.S.C., Title 28, [former] § 45 (Practice and procedure in certain cases under the interstate commerce laws) and similar statutes are modified insofar as they contain anything inconsistent therewith.

#### Supplementary Note

Note. The operation of Rule 55(b) (Judgment) is directly affected by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix, § 501 et seq. Section 200 of the Act [50 U.S.C. Appendix, § 520] imposes specific requirements which must be fulfilled before a default judgment can be entered, e.g., *Ledwith v. Storkan,* D.Neb.1942, 6 Fed.Rules Serv. 60b.24, Case 2. 2 F.R.D. 539, and also provides for the vacation of a judgment in certain circumstances. See discussion in Commentary, Effect of Conscription Legislation on the Federal Rules, 1940, 3 Fed.Rules Serv. 725; 3 *Moore's Federal Practice,* 1938, Cum.Supplement § 55.02.

#### 1987 Amendment

The amendments are technical. No substantive change is intended.

## Rule 56.  Summary Judgment

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable as-

certain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.)

## ADVISORY COMMITTEE NOTES

### 1937 Adoption

This rule is applicable to all actions, including those against the United States or an officer or agency thereof.

Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has been extensively used in England for more than 50 years and has been adopted in a number of American states. New York, for example, has made great use of it. During the first nine years after its adoption there, the records of New York county alone show 5,600 applications for summary judgments. Report of the Commission on the Administration of Justice in New York State (1934), p. 383. See also *Third Annual Report of the Judicial Council of the State of New York* (1937), p. 30.

In England it was first employed only in cases of liquidated claims, but there has been a steady enlargement of the scope of the remedy until it is now used in actions to recover land or chattels and in all other actions at law, for liquidated or unliquidated claims, except for a few designated torts and breach of promise of marriage. *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 3, r. 6; Orders 14, 14A, and 15; see also O. 32, r. 6, authorizing an applicant for judgment at any time upon admissions. In Michigan (3 Comp.Laws (1929) § 14260) and Illinois (Smith-Hurd Ill.Stats. c. 110, §§ 181, 259.15, 259.16), it is not limited to liquidated demands. New York (N.Y.R.C.P. (1937) Rule 113; see also Rule 107) has brought so many classes of actions under the operation of the rule that the Commission on Administration of Justice in New York State (1934) recommend that all restrictions be removed and that the remedy be available "in any action" (p. 287). For the history and nature of the summary judgment procedure and citations of state statutes, see Clark and Samenow, The Summary Judgment (1929), 38 Yale L.J. 423.

Note to Subdivision (d).  See Rule 16 (Pre-Trial Procedure; Formulating Issues) and the Note thereto.

Note to Subdivisions (e) and (f).  These are similar to rules in Michigan. Mich.Court Rules Ann. (Searl, 1933) Rule 30.

### 1946 Amendment

Note to Subdivision (a).  The amendment allows a claimant to move for a summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. This will normally operate to permit an earlier motion by the claimant than under the original rule, where the phrase "at any time after the pleading in answer thereto has been served" operates to prevent a claimant from moving for summary judgment, even in a case clearly proper for its exercise, until a formal answer has been filed. Thus in *People's Bank v. Federal Reserve Bank of San Francisco*, N.D.Cal.1944, 58 F.Supp. 25, the plaintiff's counter motion for a summary judgment was stricken as premature, because the defendant had not filed an answer. Since Rule 12(a) allows at least 20 days for an answer, that time plus the 10 days required in Rule 56(c) means that under original Rule 56(a) a minimum period of 30 days necessarily has to elapse in every case before the claimant can be heard on his right to a summary judgment. An extension of time by the court or the service of preliminary motions of any kind will prolong that period even further. In many cases this merely represents unnecessary delay. See *United States v. Adler's Creamery, Inc.*, C.C.A.2, 1939, 107 F.2d 987. The changes are in the interest of more expeditious litigation. The 20-day period, as provided, gives the defendant an opportunity to

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
|     Plaintiff,         ) | |
| v.                   ) | Civil No.  01-CV-2024 (MRK) |
|                     ) | |
| ARTHUR L. OGONOSKI,    ) | |
|     Defendant.     ) | |

## UNITED STATES' EXHIBITS IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

Exhibit 1:       Certificate of Assessments and Payments, IRS Form 4340 for tax year 1989

Exhibit 2:       Certificate of Assessments and Payments, IRS Form 4340 for tax year 1990

Exhibit 3:       Certificate of Assessments and Payments, IRS Form 4340 for tax year 1991

Exhibit 4:       Certificate of Assessments and Payments, IRS Form 4340 for tax year 1992

Exhibit 5:       Certificate of Assessments and Payments, IRS Form 4340 for tax year 1993

Exhibit 6:       Certificate of Assessments and Payments, IRS Form 4340 for tax year 1994

Exhibit 7:       Certificate of Assessments and Payments, IRS Form 4340 for tax year 1995

Exhibit 8:       Certificate of Assessments and Payments, IRS Form 4340 for tax year 1996

Exhibit 9:       Certificate of Assessments and Payments, IRS Form 4340 for tax year 1997

Exhibit 10:     Certificate of Assessments and Payments, IRS Form 4340 for tax year 2000

-------------------------------------------------------------------------------
CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------------

ARTHUR & ARLENE OGONOSKI JR                          EIN/SSN: 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
                                                              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


U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040                    TAX PERIOD: DEC. 1989

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|------|------|------|------|
| | ADJUSTED GROSS INCOME 53,397.22 | | | |
| | TAXABLE INCOME 24,817.63 | | | |
| | SELF EMPLOYMENT TAX 5,791.00 | | | |
| 04/15/1990 | RETURN FILED AND TAX ASSESSED 01221-118-12822-0          199020 | 9,395.22 | | 05/28/1990 |
| 04/15/1990 | WITHHOLDING CREDIT | | 67.87 | |
| | ESTIMATED TAX PENALTY                    199020 | 630.29 | | 05/28/1990 |
| | FAILURE TO PAY TAX PENALTY               199020 | 93.27 | | 05/28/1990 |
| | INTEREST ASSESSED                        199020 | 121.64 | | 05/28/1990 |
| 10/22/1990 | SUBSEQUENT PAYMENT | | 1,526.76 | |
| 05/13/1991 | SUBSEQUENT PAYMENT | | 92.91 | |
| 09/27/1991 | FEDERAL TAX LIEN | | | |
| 11/04/1991 | FEES AND COLLECTION COSTS | 20.00 | | |

-----------------------------------------------------------------------
Form 4340(Rev. 03-2000)                      Page: 1

GOVERNMENT
EXHIBIT
1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

ARTHUR & ARLENE OGONOSKI JR

EIN/SSN: 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
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

U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040                TAX PERIOD: DEC. 1989

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| 08/07/1992 | LEGAL/BANKRUPTCY SUIT PENDING | | | |
| 01/15/1993 | LEGAL/BANKRUPTCY SUIT NO LONGER PENDING | | | |
| 03/16/1993 | SUBSEQUENT PAYMENT | | 777.50 | |
| | ADDITIONAL TAX ASSESSED 08254-725-65814-2    199316 | 120.00 | | 05/03/1993 |
| 04/16/1993 | LEGAL/BANKRUPTCY SUIT PENDING | | | |
| 04/16/1993 | LEGAL/BANKRUPTCY SUIT PENDING | | | |
| 09/06/1993 | PRIOR TAX ABATED 08254-630-15012-3 | (120.00) | | |
| 07/14/1993 | LEGAL/BANKRUPTCY SUIT NO LONGER PENDING | | | |
| | ADDITIONAL TAX ASSESSED 08254-435-18136-4*    199407 | .00 | | 02/28/1994 |
| 05/18/1994 | SUBSEQUENT PAYMENT | | 50.00 | |
| 03/09/1995 | SUBSEQUENT PAYMENT | | 50.00 | |
| 03/15/1995 | SUBSEQUENT PAYMENT | | 2.48 | |
| 05/04/1995 | SUBSEQUENT PAYMENT | | 30.00 | |

Form 4340(Rev. 03-2000)                                Page: 2

```
------------------------------------------------------------------------
             CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------
```

ARTHUR & ARLENE OGONOSKI JR                          EIN/SSN: 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
                                                              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


U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040                    TAX PERIOD: DEC. 1989

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|--------------------------------------|-----------------------------|----------------------------------|
| 05/22/1995 | SUBSEQUENT PAYMENT | | 30.00 | |
| 07/11/1995 | SUBSEQUENT PAYMENT | | 40.00 | |
| 07/28/1995 | SUBSEQUENT PAYMENT | | 40.00 | |
| 10/19/1995 | SUBSEQUENT PAYMENT | | 50.00 | |
| 11/20/1995 | SUBSEQUENT PAYMENT | | 30.00 | |
| 11/30/1995 | SUBSEQUENT PAYMENT | | 40.00 | |
| 12/18/1995 | SUBSEQUENT PAYMENT | | 25.00 | |
| 01/25/1996 | SUBSEQUENT PAYMENT | | 30.00 | |
| 02/21/1996 | SUBSEQUENT PAYMENT | | 35.00 | |
| 06/06/1996 | SUBSEQUENT PAYMENT | | 25.00 | |
| 07/15/1996 | SUBSEQUENT PAYMENT | | 40.00 | |
| 01/17/1997 | SUBSEQUENT PAYMENT | | 50.00 | |
| 02/10/1997 | SUBSEQUENT PAYMENT | | 20.00 | |

```
------------------------------------------------------------------------
```

------------------------------------------------------------------
CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------

ARTHUR & ARLENE OGONOSKI JR

EIN/SSN: 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
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

U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040                TAX PERIOD: DEC. 1989

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|------------------------------|--------------------------------------|-----------------------------|----------------------------------|
| 08/13/1997 | SUBSEQUENT PAYMENT | | 100.00 | |
| 12/02/1998 | SUBSEQUENT PAYMENT | | 211.00 | |
| 11/23/1998 | SUBSEQUENT PAYMENT | | 3.00 | |
| 01/05/1999 | SUBSEQUENT PAYMENT | | 200.00 | |
| 08/11/2000 | INTENT TO LEVY COLL. DUE PROCESS LEVY NOTICE ISSUED | | | |
| 08/16/2000 | INTENT TO LEVY COLL. DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 12/26/2000 | SUBSEQUENT PAYMENT | | 100.00 | |
| 07/16/2001 | SUBSEQUENT PAYMENT | | 100.00 | |
| 09/10/2001 | SUBSEQUENT PAYMENT | | 300.00 | |
| 09/14/2001 | FEDERAL TAX LIEN | | | |
| 10/15/2001 | FEES AND COLLECTION COSTS | 52.00 | | |
| 09/20/2001 | SUBSEQUENT PAYMENT | | 200.00 | |
| 10/08/2001 | LEGAL/BANKRUPTCY SUIT PENDING | | | |

------------------------------------------------------------------
Form 4340(Rev. 03-2000)                         Page: 4

------------------------------------------------------------------------
CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

ARTHUR & ARLENE OGONOSKI JR                    EIN/SSN: 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
                                                        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


    U.S. INDIVIDUAL INCOME TAX RETURN
    FORM: 1040                    TAX PERIOD: DEC. 1989

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|------------------------------------|----------------------------|---------------------------------|
| 10/22/2001 | SUBSEQUENT PAYMENT | | 1,000.00 | |
| 05/28/1990 | STATUTORY NOTICE OF BALANCE DUE | | | |
| 06/18/1990 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| 02/28/1994 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| 05/25/1998 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| 06/05/2000 | NOTICE OF BALANCE DUE | | | |
| 07/10/2000 | STATUTORY NOTICE OF INTENT TO LEVY | | | |

                ASSESSED ITEMS BALANCE DUE              5,045.90
------------------------------------------------------------------------

---

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

---

ARTHUR & ARLENE OGONOSKI JR                                    EIN/SSN: 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
                                                                        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


U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040                          TAX PERIOD: DEC. 1989

---

I certify that the foregoing transcript of the taxpayer named above in respect to the taxes
specified is a true and complete transcript for the period stated, and all assessments,
abatements, credits, refunds, and advance or unidentified payments, and the assessed balance
relating thereto, as disclosed by the records of this office as of the date of this
certification, are shown therein. I further certify that the other specified matters set forth
in this transcript appear in the official records of the Internal Revenue Service.

---

Signature of Certifying Officer: _Susan McMahon_

Print Name: Susan McMahon

Title: Supervisory Investigative Analyst

Local Delegation Order: 198/18


Location:  Internal Revenue Service
           Andover, MA                        Account Status Date: 05/06/2002

---

---

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

---

ARTHUR & ARLENE OGONOSKI JR                      EIN/SSN: 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
                                                          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

U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040                    TAX PERIOD: DEC. 1990

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|------------------------------|------|------|------|
| | ADJUSTED GROSS INCOME 45,438.82 | | | |
| | TAXABLE INCOME 16,786.82 | | | |
| | SELF EMPLOYMENT TAX 5,763.00 | | | |
| 04/15/1991 | RETURN FILED AND TAX ASSESSED 08221-125-95653-1          199121 | 8,278.85 | | 06/03/1991 |
| | ESTIMATED TAX PENALTY                    199121 | 531.79 | | 06/03/1991 |
| | FAILURE TO PAY TAX PENALTY               199121 | 80.76 | | 06/03/1991 |
| | INTEREST ASSESSED                        199121 | 111.87 | | 06/03/1991 |
| 09/27/1991 | FEDERAL TAX LIEN | | | |
| 08/07/1992 | LEGAL/BANKRUPTCY SUIT PENDING | | | |
| 01/15/1993 | LEGAL/BANKRUPTCY SUIT NO LONGER PENDING | | | |
| 04/16/1993 | LEGAL/BANKRUPTCY SUIT PENDING | | | |

---

Form 4340(Rev. 03-2000)                          Page: 1

GOVERNMENT
EXHIBIT
2

---------------------------------------------------------------
                CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
---------------------------------------------------------------

ARTHUR & ARLENE OGONOSKI JR                              EIN/SSN: 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
                                                                  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


    U.S. INDIVIDUAL INCOME TAX RETURN
    FORM: 1040              TAX PERIOD: DEC. 1990

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|------------------------------|--------------------------------------|-----------------------------|----------------------------------|
| 07/14/1993 | LEGAL/BANKRUPTCY SUIT NO LONGER PENDING | | | |
| 09/21/1995 | SUBSEQUENT PAYMENT | | 50.00 | |
| 03/06/1996 | SUBSEQUENT PAYMENT | | 20.00 | |
| 10/18/1996 | SUBSEQUENT PAYMENT | | 30.00 | |
| 10/31/1996 | SUBSEQUENT PAYMENT | | 30.00 | |
| 08/11/2000 | INTENT TO LEVY COLL. DUE PROCESS LEVY NOTICE ISSUED | | | |
| 08/16/2000 | INTENT TO LEVY COLL. DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 09/14/2001 | FEDERAL TAX LIEN | | | |
| 10/08/2001 | LEGAL/BANKRUPTCY SUIT PENDING | | | |
| 06/03/1991 | STATUTORY NOTICE OF BALANCE DUE | | | |
| 06/24/1991 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| 02/15/1993 | STATUTORY NOTICE OF INTENT TO LEVY | | | |

---------------------------------------------------------------
Form 4340(Rev. 03-2000)                              Page: 2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

ARTHUR & ARLENE OGONOSKI JR                          EIN/SSN: 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
                                                              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


U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040                    TAX PERIOD: DEC. 1990

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|------------------------------|--------------------------------------|-----------------------------|----------------------------------|
| 02/07/1994 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| 05/25/1998 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| 06/05/2000 | NOTICE OF BALANCE DUE | | | |
| 07/10/2000 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| | ASSESSED ITEMS BALANCE DUE | | 8,873.27 | |

Form 4340(Rev. 03-2000)                          Page: 3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

ARTHUR & ARLENE OGONOSKI JR                          EIN/SSN: 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
                                                              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


U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040                    TAX PERIOD: DEC. 1990

I certify that the foregoing transcript of the taxpayer named above in respect to the taxes
specified is a true and complete transcript for the period stated, and all assessments,
abatements, credits, refunds, and advance or unidentified payments, and the assessed balance
relating thereto, as disclosed by the records of this office as of the date of this
certification, are shown therein. I further certify that the other specified matters set forth
in this transcript appear in the official records of the Internal Revenue Service.

Signature of Certifying Officer: _*Susan McMahon*_

Print Name: Susan McMahon

Title: Supervisory Investigative Analyst

Local Delegation Order: 198/18


Location:  Internal Revenue Service
           Andover, MA
                                        Account Status Date: 05/06/2002

Form 4340(Rev. 03-2000)                        Page: 4

```
-------------------------------------------------------------------------------
           CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------------
```

ARTHUR & ARLENE OGONOSKI JR                              EIN/SSN: 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
                                                                  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


U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040                    TAX PERIOD: DEC. 1991

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|-----------------------------|-------------------------------------|----------------------------|----------------------------------|
| | ADJUSTED GROSS INCOME<br>26,096.00 | | | |
| | TAXABLE INCOME<br>0.00 | | | |
| | SELF EMPLOYMENT TAX<br>2,930.00 | | | |
| 04/15/1992 | RETURN FILED AND TAX ASSESSED<br>08221-125-44976-2        199221 | 2,929.76 | | 06/01/1992 |
| | ESTIMATED TAX PENALTY<br>199221 | 168.51 | | 06/01/1992 |
| | FAILURE TO PAY TAX PENALTY<br>199221 | 29.29 | | 06/01/1992 |
| | INTEREST ASSESSED<br>199221 | 30.25 | | 06/01/1992 |
| 08/07/1992 | LEGAL/BANKRUPTCY SUIT PENDING | | | |
| 09/07/1992 | FEES AND COLLECTION COSTS | 20.00 | | |
| 08/14/1992 | FEDERAL TAX LIEN | | | |
| 11/06/1992 | FEDERAL TAX LIEN RELEASED | | | |
| 01/15/1993 | LEGAL/BANKRUPTCY SUIT NO LONGER<br>PENDING | | | |

```
-------------------------------------------------------------------------------
```

Form 4340(Rev. 03-2000)                          Page: 1

GOVERNMENT
EXHIBIT
3

```
------------------------------------------------------------------------
          CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------
```

ARTHUR & ARLENE OGONOSKI JR                     EIN/SSN: 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
                                                         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


       U.S. INDIVIDUAL INCOME TAX RETURN
       FORM: 1040              TAX PERIOD: DEC. 1991

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|-----------------------------|-------------------------------------|----------------------------|---------------------------------|
| 04/16/1993 | LEGAL/BANKRUPTCY SUIT PENDING | | | |
| 07/14/1993 | LEGAL/BANKRUPTCY SUIT NO LONGER PENDING | | | |
| 09/16/1994 | FEDERAL TAX LIEN | | | |
| 10/10/1994 | FEES AND COLLECTION COSTS | 20.00 | | |
| 08/11/2000 | INTENT TO LEVY COLL. DUE PROCESS LEVY NOTICE ISSUED | | | |
| 08/16/2000 | INTENT TO LEVY COLL. DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 10/08/2001 | LEGAL/BANKRUPTCY SUIT PENDING | | | |
| 06/01/1992 | STATUTORY NOTICE OF BALANCE DUE | | | |
| 06/22/1992 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| 02/15/1993 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| 02/07/1994 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| 05/25/1998 | STATUTORY NOTICE OF INTENT TO LEVY | | | |

```
------------------------------------------------------------------------
Form 4340(Rev. 03-2000)                     Page: 2
```

```
--------------------------------------------------------------------------------
              CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------
```

ARTHUR & ARLENE OGONOSKI JR                          EIN/SSN: 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
                                                              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


    U.S. INDIVIDUAL INCOME TAX RETURN
    FORM: 1040                      TAX PERIOD: DEC. 1991

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|------|------|------|
| 06/05/2000 | NOTICE OF BALANCE DUE | | | |
| 07/10/2000 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| | ASSESSED ITEMS BALANCE DUE | | 3,197.81 | |

```
--------------------------------------------------------------------------------
```

---

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

---

ARTHUR & ARLENE OGONOSKI JR                                    EIN/SSN: 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
                                                                       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


U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040                          TAX PERIOD: DEC. 1991

---

I certify that the foregoing transcript of the taxpayer named above in respect to the taxes
specified is a true and complete transcript for the period stated, and all assessments,
abatements, credits, refunds, and advance or unidentified payments, and the assessed balance
relating thereto, as disclosed by the records of this office as of the date of this
certification, are shown therein. I further certify that the other specified matters set forth
in this transcript appear in the official records of the Internal Revenue Service.

---

Signature of Certifying Officer: _Susan McMahon_

Print Name: Susan McMahon

Title: Supervisory Investigative Analyst

Local Delegation Order: 198/18


Location:  Internal Revenue Service
           Andover, MA                       Account Status Date: 05/06/2002

---

--------------------------------------------------------------------------------
CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

ARTHUR & ARLENE OGONOSKI JR                          EIN/SSN: 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
                                                             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


U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040                    TAX PERIOD: DEC. 1992

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-----|-----|-----|
| | ADJUSTED GROSS INCOME 31,722.33 | | | |
| | TAXABLE INCOME 9,622.33 | | | |
| | SELF EMPLOYMENT TAX 4,063.00 | | | |
| 04/15/1993 | RETURN FILED AND TAX ASSESSED 08221-121-27467-3      199320 | 5,507.09 | | 05/31/1993 |
| 04/15/1993 | WITHHOLDING CREDIT | | 32.75 | |
| | ESTIMATED TAX PENALTY                  199320 | 140.39 | | 05/31/1993 |
| | FAILURE TO PAY TAX PENALTY            199320 | 54.74 | | 05/31/1993 |
| | INTEREST ASSESSED                     199320 | 48.50 | | 05/31/1993 |
| 04/16/1993 | LEGAL/BANKRUPTCYP SUIT PENDING | | | |
| 07/14/1993 | LEGAL/BANKRUPTCY SUIT NO LONGER PENDING | | | |
| 09/16/1994 | FEDERAL TAX LIEN | | | |

--------------------------------------------------------------------------------
Form 4340(Rev. 03-2000)                              Page: 1

GOVERNMENT EXHIBIT

4

FBI-CAB-Bayonne, N.J.

---

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

---

ARTHUR & ARLENE OGONOSKI JR

EIN/SSN: 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
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

U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040              TAX PERIOD: DEC. 1992

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|------------------------------|------------------------------------|----------------------------|----------------------------------|
| 06/14/1995 | SUBSEQUENT PAYMENT | | 30.00 | |
| 08/07/1995 | SUBSEQUENT PAYMENT | | 40.00 | |
| 08/11/2000 | INTENT TO LEVY COLL. DUE PROCESS LEVY NOTICE ISSUED | | | |
| 08/16/2000 | INTENT TO LEVY COLL. DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 10/08/2001 | LEGAL/BANKRUPTCY SUIT PENDING | | | |
| 05/31/1993 | STATUTORY NOTICE OF BALANCE DUE | | | |
| 02/07/1994 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| 05/25/1998 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| 06/05/2000 | NOTICE OF BALANCE DUE | | | |
| 07/10/2000 | STATUTORY NOTICE OF INTENT TO LEVY | | | |

ASSESSED ITEMS BALANCE DUE          5,647.97

---

---
CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
---

ARTHUR & ARLENE OGONOSKI JR

EIN/SSN: 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
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

U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040                          TAX PERIOD: DEC. 1992

---

I certify that the foregoing transcript of the taxpayer named above in respect to the taxes
specified is a true and complete transcript for the period stated, and all assessments,
abatements, credits, refunds, and advance or unidentified payments, and the assessed balance
relating thereto, as disclosed by the records of this office as of the date of this
certification, are shown therein. I further certify that the other specified matters set forth
in this transcript appear in the official records of the Internal Revenue Service.

---

Signature of Certifying Officer: _Susan McMahon_

Print Name: Susan McMahon

Title: Supervisory Investigative Analyst

Local Delegation Order: 198/18


Location:  Internal Revenue Service
           Andover, MA                    Account Status Date: 05/03/2002
---

Form 4340(Rev. 03-2000)                              Page: 3