Arthur L. Ogonoski
348 George Washington Turnpike
Burlington, CT 06013

FILED

Jan 29  1 30 PM '04

U.S. DISTRICT COURT
NEW HAVEN CONN

| | |
|---|---|
| ARTHUR L. OGONOSKI ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | Civil No. 01-CV-2024(MRK) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |

## MOTION TO SET ASIDE MOTION FOR SUMMARY JUDGMENT

I hereby move to set aside the Motion for Summary Judgment in that certain parts of their claim are incorrect and included in an intent to cause harm without legally adhering to the truth.

### UNITED STATES' LOCAL RULE 56(A)(2) STATEMENT

1. I did file a federal income tax return for the 1989 tax year.

2. As stated this claim is a malicious attempt to damage my right to be heard. (Exhibit 1)

3. No amount remains due and owing for federal income tax return for the 1989 tax year. (Exhibit 1)

4. I did file a federal income tax return for the 1990 tax year.

5. As stated this claim is a malicious attempt to damage my right to be heard. (Exhibit 2)

6. No amount remains due and owing for federal income tax return for the 1990 tax year. (Exhibit 2)

7. I filed a federal income tax return for the 1991 tax year.

8. As stated this claim is a malicious attempt to damage my right to be heard.

9. No comment at this time.

10. No comment at this time.

11. No comment at this time.

12. No comment at this time.

13. No comment at this time.

14. No comment at this time.

15. No comment at this time.

16. No comment at this time.

17. No comment at this time.

18. No comment at this time.

19. No comment at this time.

20. No comment at this time.

21. No comment at this time.

22. No comment at this time.

23. No comment at this time.

24. No comment at this time.

25. No comment at this time.

26. No comment at this time.

27. No comment at this time.

28. The federal income tax for the 2000 tax year has been paid.

29. I don't know what the delegate of the Secretary of the Treasury's assessment was, but I do know that the federal income tax return for the 2000 tax year has been paid.   (Exhibit 3)

30. This is the first time in all my recent correspondences with the Internal Revenue where any agent of the Secretary of the Treasury has stated that any taxes were still outstanding for the year 2000.


Dated:  December 31, 2003            Respectfully submitted,

                                     *[signature]*

                                     Arthur L. Ogonoski, Jr.

                                     Pro Se Litigant

                                     348 George Washington Turnpike

                                     Burlington, CT 06013

Arthur L. Ogonoski
348 George Washington Turnpike
Burlington, CT 06013

ARTHUR L. OGONOSKI )
)
          Defendant, )
)
v. )   Civil No. 01-CV-2024(MRK)
)
)
UNITED STATES OF AMERICA, )
)
)
          Plaintiff, )

**MOTION TO SET ASIDE MOTION FOR SUMMARY JUDGMENT**

**DISPUTED ISSUES OF MATERIAL FACT
IN SUPPORT OF MY MOTION TO SET ASIDE THE MOTION FOR
SUMMARY JUDGMENT**

**Exhibit 1:**        Tax Period Ending December 31, 1989

As recorded in Burlington Land Records Volume 127 Page 988
A lien against property (our home) on 66 Stagecoach Road - last day to refile as recorded 06/27/00 released on foreclosure August 1993 in favor of the bank.
Lien reinstated against home purchased in 1998 – reinstated 13 September 2001 – one year and 2 months after refile date.

**Exhibit 2:**        Tax Period ending December 31, 1990

As recorded in Volume 133 Page 768 – Burlington Land Records
A lien against property on 66 Stagecoach Road (our home) last day to refile as recorded 07/03/01 released in August 1993 at foreclosure in favor of Bank.

13 September 2001 refiled against our home purchased in September 1998 at 348 George Washington Turnpike.

**Exhibit 3:**      Tax Period ending December 31, 2000

Plaintiff states as assessed amount due: $989.68, but plaintiff fails to list all of the payments that I made. Absent and not limited to the following were three-hundred dollars ($300.00) sent on September 5, 2001 (copy of money order enclosed) and a check for one-thousand dollars ($1000.00) sent on October 10, 2001.

Dated: December 31, 2003        Respectfully submitted,

*/s/ Arthur L. Ogonoski, Jr.*

Arthur L. Ogonoski, Jr.

Pro Se Litigant

348 George Washington Turnpike

Burlington, CT 06013

Exhibit 3



**MONEY ORDER RECEIPT - NON NEGOTIABLE**

***NEED TO SEND MONEY FAST?**
CALL WESTERN UNION AT 1-800-325-6000 TODAY!!!

AGT 162839 IN 090501 $300.00 **3HUNDREDDOLLARS AND NO CENTS

Payable to: _____ 1040  12-31-2000
Retain this purchaser's copy. It must be included with all refund requests. Be sure to read important information below and on back.
**PURCHASE AGREEMENT:** You the purchaser agree that Integrated Payment Systems Inc. need not stop payment on, or replace, or refund a lost or stolen Integrated Payment Systems Inc. Money Order unless (1) you fill in the face of the Money Order at the time of purchase, and (2) you report the loss or theft to Integrated Payment Systems Inc. in writing immediately. Issued by Integrated Payment Systems Inc., Englewood, Colorado

*0641236595 9*

Arthur L. Ogonoski
348 George Washington Turnpike
Burlington, CT 06013

| | |
|---|---|
| ARTHUR L. OGONOSKI )<br>)<br>Defendant, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, ) | Civil No. 01-CV-2024(MRK) |

**ARTHUR OGONOSKI'S MEMORANDUM IN SUPPORT OF HIS OPPOSING MOTION**

Arthur L. Ogonoski, Jr. hereby submits the following memorandum of law in support of his Motion to Set Aside the Motion for Summary Judgment.

## FACTS AND ARGUMENTS

There is evidence of some errors in the Internal Revenue's accounting as well as in other procedures used by them.

Whether intentional or mistakenly done this motion to deny me my right to be heard is a malicious intent to cause calamity and ruin to my life and my family. The Internal Revenue's motion has not taken into account any input that I have had with them, and would further cause us injury and might reduce us to bankruptcy.

## CONCLUSION

I have not sought the counsel of a lawyer so that any funds might be used to satisfy a fair settlement of any debt that I legally have. I am in quite a state of distress and do hope you will set aside this motion for summary judgment.

Dated: December 31, 2003        Respectfully submitted,

*(signature)*

Arthur L. Ogonoski, Jr.
348 George Washington Turnpike
Burlington, CT 06013

## CERTIFICATE OF SERVICE

    IT IS CERTIFIED that service of <u>Arthur Ogonoski's Motion To Set Aside Motion For Summary Judgment</u>, <u>United States' Local Rule 56 (A)(2) Statement</u>, <u>Disputed Issues of Material Fact In Support of My Motion To Set Aside The Motion For Summary Judgment</u>, and <u>Arthur Ogonoski's Memorandum In Support of His Opposing Motion</u> have this 5 day of January, 2004 been made upon the following by causing a copy to be deposited in the United States mail, postage prepaid, addressed to:

        U.S. Department of Justice
        Wendy J. Kisch, Trial Attorney, Tax Division
        P.O. Box 55
        Washington, C.C. 20044-0055

_____

Arthur L. Ogonoski, Jr.

Pro Se Litigant

348 George Washington Turnpike

Burlington, CT 06013