UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>ARTHUR L. OGONOSKI,<br>Defendant. | Civil No. 01-CV-2024 (MRK) |

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

The United States of America by its undersigned counsel hereby reply's to the defendant's response to the United States' motion for summary judgment.

<u>Reply to Defendant's Local Rule 56(a)(2) Statement</u>

1. I did file a federal income tax return for the 1989 tax year.

    <u>Reply</u>: Admitted. The United States' Local Rule 56(a)(1) Statement, paragraph 1, stated that Arthur L. Ogonoski filed a federal income tax return for 1989 tax year.

2. As stated this claim is a malicious attempt to damage my right to be heard. (Exhibit 1)

    <u>Reply</u>: Denied. Defendant's "Exhibit 1," the document cited as containing evidence to support this statement was not filed and served as required by Local Rule 56(a)(3) of the Local Rules for the District of Connecticut. The United States' Local Rule 56(a)(1) Statement, paragraph 2, stated that on May 28, 1990, a delegate of the Secretary of the Treasury made an assessment against Arthur L. Ogonoski for 1989 federal income taxes, penalties and interest totaling $10,240.42. This statement is supported by the Certificate of Assessments and Payments, IRS Form 4340 for tax year 1989, which

- 1 -

was attached to the Untied States' Local Rule 56(a)(1) as plaintiff's Exhibit 1.

3. No amount remains due and owing for federal income tax return for the 1989 tax year. (Exhibit 1).

Reply: Denied. Defendant's "Exhibit 1," the document cited as containing evidence to support this statement was not filed and served as required by Local Rule 56(a)(3) of the Local Rules for the District of Connecticut. Arthur L. Ogonoski remains indebted for federal income tax liabilities for the 1989 tax period in the amount of $22,508.63, plus interest and statutory additions from April 30, 2004. See Declaration of John Keach, attached hereto as Exhibit A.

4. I did file a federal income tax return for the 1990 tax year.

Reply: Admitted. The United States' Local Rule 56(a)(1) Statement, paragraph 4, stated that Arthur L. Ogonoski filed a federal income tax return for 1990 tax year.

5. As stated this claim is a malicious attempt to damage my right to be heard. (Exhibit 2)

Reply: Denied. Defendant's "Exhibit 2," the document cited as containing evidence to support this statement was not filed and served as required by Local Rule 56(a)(3) of the Local Rules for the District of Connecticut. The United States' Local Rule 56(a)(1) Statement, paragraph 5, stated that on June 3, 1991, a delegate of the Secretary of the Treasury made an assessment against Arthur L. Ogonoski for 1990 federal income taxes, penalties and interest totaling $9,003.27. This statement is supported by the Certificate of Assessments and Payments, IRS Form 4340 for tax year 1990, which was attached to the Untied States' Local Rule 56(a)(1) as plaintiff's Exhibit 2.

6. No amount remains due and owing for federal income tax return for the 1990 tax year. (Exhibit 2)

> Reply: Denied. Defendant's "Exhibit 2," the document cited as containing evidence to support this statement was not filed and served as required by Local Rule 56(a)(3) of the Local Rules for the District of Connecticut. Arthur L. Ogonoski remains indebted for federal income tax liabilities for the 1990 tax period in the amount of $26,267.34, plus interest and statutory additions from April 30, 2004. See Declaration of John Keach, Exhibit A.

7. I filed a federal income tax return for the 1991 tax year.

   Reply: Admitted. The United States' Local Rule 56(a)(1) Statement, paragraph 7, stated that Arthur L. Ogonoski filed a federal income tax return for 1991 tax year.

8. As stated this claim is a malicious attempt to damage my right to be heard.

   Reply: Denied. This statement was not followed by a specific citation to evidence as required by Local Rule 56(a)(3) of the Local Rules for the District of Connecticut. The United States' Local Rule 56(a)(1) Statement, paragraph 8, stated that on June 1, 1992, a delegate of the Secretary of the Treasury made an assessment against Arthur L. Ogonoski for 1991 federal income taxes, penalties and interest totaling $3,157.81. This statement is supported by the Certificate of Assessments and Payments, IRS Form 4340 for tax year 1991, which was attached to the Untied States' Local Rule 56(a)(1) as Exhibit 3.

9 - 27. No comment at this time.

   Reply: No reply necessary.

28. The federal income tax for the 2000 tax year has been paid.

   Reply: Denied. This statement was not followed by a specific citation to evidence as

required by Local Rule 56(a)(3) of the Local Rules for the District of Connecticut. Arthur L. Ogonoski remains indebted for federal income tax liabilities for the 2000 tax period in the amount of $1,287.51, plus interest and statutory additions from April 30, 2004. <u>See</u> Declaration of John Keach, Exhibit A.

29. I don't know what the delegate of the Secretary of the Treasury's assessment was, but I do know that the federal income tax return for the 2000 tax year has been paid. (Exhibit 3)

<u>Reply</u>: Denied. Exhibit 3 is a copy of a money order receipt for $300 stating that the money order was made payable to the "IRS." There is a notation of "1040 12-31-2000" on the copy of the money order receipt. This does not constitute evidence that the 2000 income tax liability has been fully paid. Arthur L. Ogonoski remains indebted for federal income tax liabilities for the 2000 tax period in the amount of $1,287.51, plus interest and statutory additions from April 30, 2004. <u>See</u> Declaration of John Keach, Exhibit A.

30. This is the first time in all my recent correspondences with the Internal Revenue Service where any agent of the Secretary of the Treasury has stated that any taxes were still outstanding for the year 2000.

<u>Reply</u>: There was no paragraph 30 in the United States' Local Rule 56(a)(1) Statement. Regardless, whether or not anyone from the Internal Revenue Service recently informed Arthur Ogonoski that there is still an outstanding liability for the 2000 income tax period is immaterial to whether or not there is still an outstanding liability for 2000. As indicated by the Certificates of Assessments and Payments for the 2000 income tax period, attached as Exhibit 10 to the United States Local Rule 56(a)(1) Statement, and the

Declaration of John Keach, Exhibit A, there is still an outstanding liability for the 2000 income tax period.

### Response to Defendant's Statement of Disputed Issues of Material Fact

Exhibit 1:        Tax Period Ending December 31, 1989

As recorded in Burlington Land Records Volume 127 Page 988
A lien against property (our home) on 66 Stagecoach Road - last day to refile as recorded 06/27/00 released on foreclosure August 1993 in favor of the bank. Lien reinstated against home purchased in 1998 - reinstated 13 September 2001 - one year and 2 months after refile date.

Response: There is no Exhibit 1 attached to the defendant's statement of disputed issues of material fact. A notice of federal tax lien was filed on September 30, 1991, with the Town Clerk for the Town of Burlington, in volume 127, page 988, of the land records against Arthur and Arlene Ogonoski with respect to the 1989 and 1990 income tax periods. The notice listed the last day to refile as June 27, 2000, with respect to the 1989 income tax period and as July 3, 2001, with respect to the 1990 income tax period. The notice of federal tax lien operated as a certificate of release when the Internal Revenue Service notice of federal tax lien was not timely refiled. The Internal Revenue Service filed a revocation of the certificate of release of federal tax lien with the Town Clerk of the Town of Burlington on September 21, 2001. See Revocation of Certificate of Release of Federal Tax Lien, attached hereto as Exhibit B. On September 21, 2001, the Internal Revenue Service also refiled the notice of federal tax lien against Arthur and Arlene Ogonoski with respect to the 1989 and 1990 income tax periods with the Town Clerk of the Town of Burlington. See Notice of Federal Tax Lien with respect to 1989 and 1990 tax periods, attached hereto as Exhibit C. The United States does not have information regarding a foreclosure relating to 66 Stagecoach Road.

As noted above, the delegate of the Secretary of the Treasury made assessments against Arthur L. Ogonoski for 1989 and 1990 federal income taxes on May 28, 1990, and June 3, 1991, respectively. Pursuant to Section 6502(a) of the Internal Revenue Code, the government has ten years from the date of assessment to collect the tax by a proceeding in court. See 26 U.S.C. § 6502(a)(1). Pursuant to Section 6503(h) of the Internal Revenue Code, the running of the period of limitations on collection after assessment prescribed by Section 6502(a)(1) is suspended for the period during which the Secretary of Treasury is prohibited from collecting by reason of bankruptcy proceeding and for six months thereafter. See 26 U.S.C. § 6503(h). The running of the period of limitations on collection with respect to Arthur Ogonoski's 1989 and 1990 income tax liabilities was suspended due to two bankruptcy proceedings pending from August 7, 1992, through January 15, 1993, and from April 16, 1993, through July 14, 1993. See Certificate of Assessments and Payments, IRS Form 4340 for the tax year 1989, Exhibit 1 to the United States' Local Rule 56(a)(1) Statement. Due to these two bankruptcy proceedings, the period of limitations on collection with respect to Arthur Ogonoski was extended to November 4, 2001, with respect to the 1989 income tax liability and extended to November 10, 2001, with respect to the 1990 income tax liability. Because the period of limitations on collection was still open for the 1989 and 1990 income tax liabilities as of September 21, 2001, the refiling of the notice of tax lien with respect to the 1989 and 1990 income tax liabilities on that date was appropriate. However, whether a notice of federal tax lien with respect to the 1989 and 1999 income tax periods was ever filed, released or refiled is irrelevant to whether or not there is an outstanding liability for the 1989 and 1999 income tax periods. The complaint in this action to reduce assessments to judgment was timely filed on October 8, 2001, prior to the expiration of

the period of limitations on collection with respect to the 1989 and 1990 income tax periods and the Certificates of Assessments and Payments with respect to the 1989 and 1990 tax periods and the Declaration of John Keach demonstrate that the liabilities for 1989 and 1990 are still outstanding.

Exhibit 2:            Tax Period Ending December 31, 1990

As recorded in Volume 133 Page 768 - Burlington Land Records
A lien against property on 66 Stagecoach Road (our home) last day to refile as recorded 07/03/01 released in August 1992 at foreclosure in favor of Bank.
13 September 2001 refiled against our home purchased in September 1998 at 348 George Washington Turnpike.

Response: There is no Exhibit 2 attached to the defendant's statement of disputed issues of material fact. A notice of federal tax lien was filed on August 17, 1992, with the Town Clerk for the Town of Burlington, in volume 133, page 768, of the land records against Arthur and Arlene Ogonoski with respect to the 1991 income tax period, not the 1990 income tax period. See Facsimile of Federal Tax Lien with respect to 1990 tax period, attached hereto as Exhibit D. The notice listed the last day to refile as July 1, 2002. The notice of federal tax lien was timely refiled with the Town Clerk for the Town of Burlington on May 9, 2002. See Facsimile of Federal Tax Lien Refiling, attached hereto as Exhibit E.

Exhibit 3:            Tax Period Ending December 31, 2000

Plaintiff states as assessed amount due: $989.68, but plaintiff fails to list all of the payments that I made. Absent and not limited to the following were three-hundred dollars ($300.00) sent on September 5, 2001 (copy of money order enclosed) and a check for one-thousand dollars ($1000.00) sent on October 10, 2001.

Response: Exhibit 3 is a copy of a money order receipt dated September 5, 2001, for $300 stating that the money order was made payable to the "IRS." There is also a notation of

"1040 12-31-2000" on the money order receipt. No $300 payment was applied to the 2000 income tax period on or about September 5, 2001. See Certificate of Assessments and Payments, IRS Form 4340 for the tax year 2000, Exhibit 10 to the United States' Local Rule 56(a)(1) Statement. A $300 payment was, however, applied to the 1989 income tax period on September 10, 2001. See Certificate of Assessments and Payments, IRS Form 4340 for the tax year 1989, Exhibit 1 to the United States' Local Rule 56(a)(1) Statement. Undesignated payments from a taxpayer are applied to the taxpayer's oldest outstanding liability. See Declaration of John Keach, Exhibit A. While the copy of the money order receipt attached as Exhibit 3 has a notation of "1040 12-31-2000," it is not known whether the actual money order -- as distinguished from the money order receipt -- which was allegedly sent to the Internal Revenue Service designated payment to the 2000 income tax liability. No $1,000 payment was applied to the 2000 income tax period on or about October 10, 2001. See Certificate of Assessments and Payments, IRS Form 4340 for the tax year 2000, Exhibit 10 to the United States' Local Rule 56(a)(1) Statement. A $1,000 payment was, however, applied to the 1989 income tax period on October 22, 2001. See Certificate of Assessments and Payments, IRS Form 4340 for the tax year 1989, Exhibit 1 to the United States' Local Rule 56(a)(1) Statement. As noted above, undesignated payments from a taxpayer are applied to the taxpayer's oldest outstanding liability. The defendant did not provide a copy of the $1,000 check allegedly sent to the Internal Revenue Service and it is, therefore, unknown whether the check designated payment to the 2000 income tax period. Even if the alleged payments were designated for the 2000 income tax period, a misapplication by the Internal Revenue Service to the 1989 tax period would not have harmed the defendant, as interest was accruing on both the 1989 and 2000 income tax liabilities at the

same rate.

## Conclusion

The defendant has failed to raise a genuine issue of material fact and summary judgment should, therefore, be entered in favor of the United States, and against Arthur Ogonoski, in the amount of $40,131.25, plus statutory additions, include accrued interest, for the tax years 1989 through 1997 and 2000.

                              Respectfully submitted,

                              KEVIN J. O'CONNOR
                              United States Attorney

                              *Karen Woznik*
                              KAREN WOZNYAK (CT20966)
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              Post Office Box 55
                              Ben Franklin Station
                              Washington, D.C. 20044
                              (202) 307-1927

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the <u>United States' Reply to the Defendant's Response to the United States' Motion for Summary Judgment</u> has this 4th day of May, 2004, been made upon the following by causing a copy to be deposited in the United States mail, postage prepaid, addressed to:

    Arthur L. Ogonoski
    348 G. Washington Turnpike
    Burlington, CT 06103

*Karen Wozniak*
KAREN WOZNIAK (CT20966)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-1927