## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Plaintiff, | : | NO. | 3:01cv2024 (MRK) |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| ARTHUR L. OGONOSKI, | : | | |
| | : | | |
| Defendant. | : | | |

## <u>RULING ON SUMMARY JUDGMENT</u>

The United States brings this action against Defendant Ogonoski to recover unpaid federal tax liabilities for the years 1989 through 1997 and 2000. Plaintiff has moved for summary judgment [doc. #18]. For the reasons stated below, the Motion for Summary Judgment [doc. #18] is GRANTED.

Summary judgment is appropriate when there is no dispute as to a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party carries the burden of demonstrating that there is no genuine material dispute of fact. *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 133 (2d Cir. 2000). The Second Circuit has cautioned that "in determining whether a genuine issue has been raised, the inferences to be drawn from the underlying facts revealed in the affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Tomka v. Seiler*, 66 F.3d 1295, 1304 (2d Cir. 1995).

The United States has submitted an IRS Form 4340 for each of the years in question. United

States' Exhibits [doc. #21], Ex. 1-10. The Internal Revenue Service uses Form 4340 to prove that it has made a tax assessment. *United States v. Sitka*, 1994 U.S. Dist. LEXIS 7690, *7 (D. Conn. May 19, 1994). The Form 4340 is "presumptive proof of a valid assessment." *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir. 1992). "A taxpayer who wishes to challenge the validity of the assessment, moreover, bears the burdens both of production and of persuasion." *United States v. McCombs*, 30 F.3d 310, 318 (2d Cir. 1994) (internal quotations omitted).

Having submitted a Form 4340 for each year in question, Plaintiff has made a *prima facie* case that Defendant owes the stated total of $40,131.25 plus statutory additions, including accrued interest, for the above-stated tax years. Defendant has not met his burden of demonstrating that the assessments are incorrect or otherwise invalid. Defendant asserts that "no amount remains due and owing for federal income tax return" for the 1989 and 1990 tax years, Def's Mot. To Set Aside Mot. For Summ. J. [doc. #22] ¶3, 6, but this assertion, unaccompanied by any evidence, cannot be enough to meet any burden of production or persuasion. *See United States v. Prince*, 348 F.2d 746, 748 (2d Cir. 1965) (finding that defendant's "mere conclusory denials did not meet his burden of alleging facts showing that the assessments were erroneous").[1]

Defendant further asserts that "the federal income tax for the 2000 tax year has been paid" and provides as evidence a Western Union money order for $300 dated September 5, 2001 which

---

[1]Defendant notes in his papers that liens were entered against his home with regard to the 1989 and 1990 tax years, and suggests that Plaintiff filed the notice of tax lien after the last day allowed to refile. Def's Mot. To Set Aside Mot. For Summ. J. [doc. #22], Ex. 1, 2. However, as Plaintiff points out, the existence of a federal tax lien is completely separate from the question whether there is an outstanding tax liability. Plaintiff has demonstrated that the complaint in this action was timely filed, and Defendant does not suggest otherwise. Accordingly, the evidence of the lien cannot suffice to meet Defendant's burden with regard to challenging the assessments.

was made payable to the IRS. Def's Mot. To Set Aside Mot. For Summ. J. [doc. #22], ¶28, Ex. 3. Defendant also states, without providing evidence, that a check for one thousand dollars was sent on October 10, 2001. *Id.* Plaintiff responds that, though there is no IRS record of credits for these amounts being applied to the 2000 tax liability, credits for exactly these amounts were applied to the 1989 tax liability on September 10, 2001 and October 22, 2001, respectively, and reduced the amount due for the 1989 tax year. Pl's Reply to Def's Response [doc. #24] at 8. IRS policy is that undesignated payments from a taxpayer are applied to the taxpayer's oldest outstanding liability, Decl. Of John Keach, *Id.*, Ex. A., ¶6, which suggests that the money order and check that Defendant claims to have sent were applied to the 1989 liability and not to the 2000 liability. It is thus clear to the Court that Defendant has failed to meet his burden of production and persuasion as to the 2000 tax year.

The Court further notes that Defendant has chosen not to comment on the allegations regarding the years between 1991 and 1997. Def's Mot. To Set Aside Mot. For Summ. J. [doc. #22] ¶¶9-27. District of Connecticut Local Rule 56(a)1 provides that all material facts set forth in a party's Local Rule 56(a)1 Statement will be deemed admitted unless controverted by their opponent's Local Rule 56(a)2 Statement. Insofar as Defendant has not controverted Plaintiff's assertions regarding these tax years, those liabilities will be deemed admitted by Defendant as well.

The Court concludes that Defendant has not met his burden of demonstrating that any of the assessments are invalid. Accordingly, Plaintiff's Motion for Summary Judgment [doc. #18] is GRANTED, and judgment shall enter for Plaintiff in the amount of $40,131.25, plus statutory additions, including accrued interest.

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____

United States District Judge

Dated at New Haven, Connecticut: <u>June 8, 2004</u>

4