**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Dist. of Conn (New Haven)
01-cv-2024
Judge Kravitz

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of September, two thousand and five.

PRESENT:
    RICHARD J. CARDAMONE,
    JOSEPH M. McLAUGHLIN,
    ROSEMARY S. POOLER,
        Circuit Judges.

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

    -v-    (No. 04-4099)

ARTHUR L. OGONOSKI,

    Defendant-Appellant.

---

| | |
|---|---|
| Appearing for Plaintiff-Appellee: | Eileen J. O'Connor, Assistant Attorney General, Thomas J. Clark and Robert L. Baker, Attorneys, Tax Division, Department of Justice, Washington, D.C., Kevin J. O'Connor, United States Attorney for the District of Connecticut, of counsel |
| Appearing for Defendants-Appellant: | Arthur L. Ogonoski, Burlington, CT, pro se |

Appeal from the United States District Court for the Eastern District of New York (Mark R. Kravitz, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant Arthur L. Ogonoski appeals from the District Court's ruling, filed

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____
DEPUTY CLERK

_ MANDATE ISSUED:
NOV 4 2005

June 8, 2004, granting summary judgment to plaintiff-appellee United States and finding him liable for $40,131.25 in back taxes, plus statutory additions and accrued interest. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

    We review a district court's grant of summary judgment de novo. Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 763 (2d Cir. 2002). Summary judgment is appropriate where there is no genuine issue as to any material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585 (1986). There is no genuine issue for trial if, viewing the record as a whole in the light most favorable to the nonmoving party, a rational trier of fact could not find for the nonmoving party. Id. at 587. To defeat a motion for summary judgment, the nonmoving party must do more than raise "metaphysical doubt" as to the material facts. Id. at 586. Rather, the nonmoving party must come forward with specific facts supported by sufficient concrete probative evidence to allow a rational trier of fact to find for her. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

    We find the arguments that appellant presented to the district court, and to which he appears to refer in his brief to this Court, to be meritless for the same reasons given by the district court in its June 8, 2004 ruling. The documentary evidence of appellant's tax liability submitted by appellee is presumed to be correct, see United States v. McCombs, 30 F.3d 310, 318 (2d Cir. 1994), and appellant's conclusory allegations were not sufficient to rebut that presumption and defeat summary judgment.

    Appellant raises some arguments for the first time on appeal. We generally will not consider arguments raised for the first time on appeal. See Kraebel v. New York City Dep't of Hous. Pres. & Dev., 959 F.2d 395, 401 (2d Cir. 1992). We will disregard this rule where either (1) it is necessary to do so in order to avoid manifest injustice, or (2) consideration of the new argument requires no additional fact-finding. Readco, Inc. v. Marine Midland Bank, 81 F.3d 295, 302 (2d Cir. 1996). Appellant appears to argue (1) that the IRS's enforcement of the tax laws against him is discriminatory, and (2) that the IRS's actions constitute "cruel and unusual punishment" in violation of the Eighth Amendment. The former argument is unsupported by facts in the record and, as such, would require additional fact-finding to pursue. Therefore, we decline to consider it. The latter is plainly meritless. See Zwick v. Freeman, 373 F.2d 110, 119 (2d Cir. 1967) (holding prohibition on cruel and unusual punishments not applicable to purely civil penalties not criminal in nature).

    We have considered all of appellant's other arguments and find them meritless.

    For the foregoing reasons, the judgment of the District Court is AFFIRMED.

    FOR THE COURT:
    ROSEANN B. MACKECHNIE, Clerk

BY: _Lucille Carr_     9/19/05
    DATE:

Rc